IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
ANDRE MOSLEY #R67695,            )
                                 )
            Petitioner,           )
                                 )
     v.                           )      No.  13 C 7172
                                 )
WARDEN RICK HARRINGTON,           )
                                 )
            Respondent.           )

MEMORANDUM OPINION AND ORDER

On October 4, 2013 Andre Mosley ("Mosley") filed a self-prepared a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") to challenge his state court conviction in January 2008 on a charge of first degree murder on which he is now serving a 57-year sentence. This Court has just received the Judge's Copy of the Petition, and the preliminary review called for by the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") has revealed a potentially fatal flaw in Mosley's submission.

That is not said as to the substance of Mosley's purported claims, because the Petition does not reveal enough to permit an effective evaluation of their substantive sufficiency or lack of it. To be sure, each of Mosley's asserted nine grounds for relief concludes its summary caption with the assertion "which violates..." followed by a reference to the United States

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Constitution's Fourteenth (and in three instances Sixth) Amendment. And it is true that the recital of those stated grounds is followed by this assertion:

> All grounds raised in this Petition has [sic] been presented to the highest court having jurisdiction.

But what is _not_ shown in the Petition is whether the presentations made to the state courts in Mosley's direct appeal or in his later state court post-conviction petition were framed in _federal_ constitutional terms, as must be the case to support federal habeas relief. For aught that appears, both the direct appeal and the state post-conviction petition may have framed matters in state law terms, so that the invocation of federal constitutional provisions in the current Petition would not suffice to get Mosley through the federal courthouse door.[2]

What is abundantly clear in all events is that any resolution of the just-discussed issue cannot take place on the basis of the scant record provided by the Petition. Instead this Court would be required to order an answer and the other contents called for by Section 2254 Rule 5. Fortunately, any such procedure, along with the extensive time and effort that would necessarily be involved in the preparation and submission of a

---

[2] Indeed, this Court's review of many federal habeas petitions by state prisoners over the years has all too frequently revealed situations in which state court criminal defense lawyers have focused solely on claimed violations in terms of state law without looking ahead to the possibility of a later resort to Section 2254 proceedings.

full-blown record, can readily be avoided by limiting the current focus in this opinion to the indisputable untimeliness of Mosley's Petition under Section 2244(d)(1)'s one-year limitation period. What follows, then, is an analysis of that deficiency as confirmed by the Petition itself.

To begin with, Section 2244(d)(1)(A) starts the limitations clock ticking on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to Petition pt. I ¶4.A(2), Mosley's direct review effort in the state court system ended when the Illinois Supreme Court denied his petition for leave to appeal from the Illinois Appellate Court's affirmance of his conviction--and that denial took place on September 30, 2009. Although no petition to the United States Supreme Court for a writ of certiorari was then filed, the Supreme Court's teaching is that the 90 days allowable for such a petition must be added to that last date in determining "the expiration of the time for seeking such [direct] review," so that the commencement date of the one-year limitation period was December 29, 2009.

What comes into play next in the analysis of timeliness or untimeliness is the tolling provision of Section 2244(d)(2), which excludes the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

According to Petition pt. II ¶1.B, Mosley's state post-conviction petition was filed in the Circuit Court of Cook County on March 23, 2010, so that 2 months and 24 days had already run on the one-year limitations clock before the tolling provision kicked in. And later paragraphs in that same pt. II ¶1 of the Petition disclose that the final curtain on the state post-conviction proceedings came down when the Illinois Supreme Court denied Mosley's petition for leave to appeal on September 26, 2012.

Although the Petition bears a filing stamp dated October 4 of this year, Mosley's entitlement to the "mailbox rule" (see Houston v. Lack, 487 U.S. 266 (1988)) gives him the benefit of the September 24, 2013 date reflected in his Notice of Filing and Certificate of Service attached to the Petition. But what Mosley has obviously failed to recognize is that even though that date alone would barely bring him in under the wire when compared with the September 26, 2012 denial of leave to appeal, the combination of that period of a calendar year minus two days, when necessarily coupled with the more than two-month time frame that had already elapsed on the clock before Mosley began his state post-conviction efforts has brought Mosley well past the date when the one-year limitations clock ran out.

What has been said to this point is so obvious that it would seem a sua sponte dismissal of the Petition as untimely could conceivably be ordered at this point. But because it is

4

theoretically possible that the Illinois Attorney General's Office could waive a limitations defense for some reason, this Court will simply direct that office to file a response on or before October 28, 2013 stating whether or not it is moving to dismiss the Petition on limitations grounds.[3]

Before this opinion concludes, a few words should be said about two additional documents filed by Mosley, but copies of which--for some unexplained reason--were not delivered to this Court's chambers. One of those documents is an In Forma Pauperis Application ("Application"), which reflects the all-too-common misunderstanding that a prisoner such as Mosley filing a Section 2254 petition must seek relief from payment of a $350 filing fee. That isn't so, because a federal habeas petition carries only a modest $5 filing fee. Accordingly the Application is denied, and Mosley is ordered to pay the $5 fee on or before October 28, 2013. Mosley's other preliminary request, in which he seeks representation by a pro bono counsel, is denied as moot based on the preceding analysis (subject to possible reconsideration if

---

[3] This Court of course recognizes the problems attendant on the assignment of new matters within offices such as that of the Attorney General. This opinion's designation of a response date should not be misunderstood as setting a time limit, but has rather been included to encourage prompt attention to what should be a comparatively simple decision. This Court's prior experience with that office has been that its responses to federal habeas petitions regularly begin with the type of timing analysis that has been essayed here, because untimeliness is a comparatively simple threshold issue in contrast to the work of assembling a full record as required for full substantive review.

5

the action were to survive).

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date:  October 10, 2013